No. 24-3299

---

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

STATE OF NORTH DAKOTA; STATE OF MONTANA; STATE OF TEXAS; STATE OF WYOMING; STATE OF UTAH,
*Plaintiffs–Appellees*,

v.

UNITED STATES DEPARTMENT OF INTERIOR; DOUG BURGUM, in his official capacity as Secretary of Interior; BUREAU OF LAND MANAGEMENT; JON RABY, in his official capacity as the Acting Director of the Bureau of Land Management; SONYA GERMANN, in her official capacity as the Director of the Montana-Dakotas Bureau of Land Management,
*Defendants–Appellants*.

---

Appeal from the U.S. District Court for the District of North Dakota
No. 1:24-cv-00066-DMT-CRH (Hon. Daniel M. Traynor)

---

**MOTION TO HOLD CASE IN ABEYANCE**

---

Federal Defendants-Appellants U.S. Department of the Interior, Doug

Burgum, Bureau of Land Management, Jon Raby, and Sonya Germann

1

(Federal Defendants) respectfully move that the Court hold this case in abeyance, with a status report due from Federal Defendants in 60 days.[1]

1. This appeal involves a challenge to the Bureau of Land Management's (BLM) Waste Prevention Rule (2024 Rule), *Waste Prevention, Production Subject to Royalties, and Resource Conservation*, 89 Fed. Reg. 25,378 (Apr. 10, 2024).

2. Plaintiffs challenged the 2024 Rule in the District of North Dakota in April 2024. Plaintiffs argued, among other things, that the 2024 Rule exceeded BLM's statutory authority and was arbitrary and capricious, and sought a preliminary injunction. On September 12, 2024, the district court granted Plaintiffs' request and preliminarily enjoined BLM from "enforcing the 2024 Rule against the States of North Dakota, Montana, Texas, Wyoming, and Utah pending the outcome of this litigation."

3. Federal Defendants appealed from the district court's grant of the preliminary injunction. This Court accepted Federal Defendants' opening brief on December 23, 2024, and accepted Plaintiffs' answering brief on January 30, 2025. Federal Defendants' reply brief is due February 20, 2025, and oral

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Doug Burgum, Secretary of the Interior, has been substituted for Walter Cruickshank, former Acting Secretary of the Interior, and Jon Raby, exercising the delegated authority of the Director of BLM, has been substituted for Tracy Stone-Manning, former Director of BLM.

argument has not yet been scheduled. Summary judgment briefing in the district court has now concluded, and oral argument in the district court has not been requested by the parties or ordered by the court.

4. An abeyance is needed due to the federal government's change in administration. On January 20, 2025, President Donald Trump issued Executive Order 14154, *Unleashing American Energy*, 90 Fed. Reg. 8,353 (Jan. 20, 2025). The order establishes that it is the policy of the United States "to encourage energy exploration and production on Federal lands," and directs agencies to develop within thirty days action plans to "suspend, revise, or rescind all agency actions" that "impose an undue burden on the identification, development, or use of domestic energy resources."

5. On February 3, 2025, Secretary of the Interior Doug Burgum issued Secretary's Order 3418 to implement Executive Order 14154. Secretary's Order 3418 directs Assistant Secretaries at the Department of the Interior to "promptly review all agency actions" and submit an action plan to the Secretary within 15 days "to consider how to comply with the policy" of Executive Order 14154. These action plans must contain, among other things, "steps that, as appropriate, will be taken to suspend, revise or rescind" various regulations, including the 2024 Rule.

6. Agency officials at BLM and the Department of the Interior are currently reviewing the 2024 Rule for compliance with Secretary's Order 3418. In addition, some agency officials are in the process of onboarding and familiarizing themselves with the issues presented in this case. To provide new leadership with sufficient time to familiarize themselves with the 2024 Rule, comply with Secretary's Order 3418 and Executive Order 14154, and determine how BLM should proceed in this appeal, Federal Defendants respectfully request that the Court place this case in an abeyance, with a status report due from Federal Defendants in 60 days. Indeed, Executive Order 14154 provides that the Attorney General may request that courts "stay or otherwise delay further litigation, or seek other appropriate relief" while agencies work to comply with Executive Order 14154.

7. An abeyance will conserve judicial resources, as Federal Defendants consider how to proceed in this appeal and case. The Court's authority to order such an abeyance is well-settled. *See Landis v. North Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

8. Counsel for Federal Defendants contacted counsel for Plaintiffs about Plaintiffs' position on this motion. Plaintiffs' counsel stated that Plaintiffs "don't oppose a 60-day abeyance of this appeal with BLM to provide a status report on how it would like to proceed at that time."

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request that this appeal be held in abeyance, with a status report to be filed by Federal Defendants in 60 days.

Respectfully submitted,

/s/ Benjamin W. Richmond
LISA L. RUSSELL
*Deputy Assistant Attorney General*

BENJAMIN W. RICHMOND
*Attorney*
Environment & Natural Resources Div.
U.S. Department of Justice
408 Atlantic Avenue, Suite 236
Boston, MA 02110
(202) 598-11112
benjamin.richmond@usdoj.gov

*Counsel for Federal Defendants*

February 13, 2025
90-1-18-17613

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d) because, excluding the parts of the document exempted by Rule 32(f), the document contains 734 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

/s/ Benjamin W. Richmond
Benjamin W. Richmond

*Counsel for Federal Defendants*
